### Lessee of JOHN BAUGHMAN *against* CHRISTIAN BAUGMAN, jun.

Deed from a father to his son M and N his wife, and to their heirs and assigns, in trust for the use of the said M and N during their lives, and the longer live.r of them, and after their decease for the use of the heirs of the body of the said M lawfully begotten, their heirs and assigns forever; and for default of such issue, to the use of the right heirs of the said M, their heirs and assigns forever; adjudged that M takes an estate tail thereby.

EJECTMENT for lands in Dauphin county, in which a special verdict was found at Harrisburg, 29 October 1795.

The jury find that Michael Baughman, the elder, was seized of the premises in question, and that he, together with Catharine his wife by indenture bearing date the 18th March 1747-8, for their natural love and affection they bear to their son Michael Baughman, junior, and Magdalena his wife, and for their advancement in the world, and in consideration of the sum of five shillings to them in hand paid by the said Michael Baughman, junior, and Magdalena his wife, have given, granted, aliened, released and confirmed, and by these presents do give, grant, alien, release and confirm unto the said Michael Baughman, junior, and Magdalena, his wife, and to their heirs and assigns, all that certain tract of land, &c. (being the premises in question, containing 233 acres and a lowance,) to have and to hold the said 233 acres, &c. unto the said Michael Baughman, junior, Magdalena his wife, and their heirs, in manner following, that is to say; to the only proper use and behoof of the said Michael Baughman, junior, and Magdalena his wife, during their natural lives, and the life of the longer liver of them; and after the decease of the longer liver of them, to the use and behoof of the heirs of the body of the said Michael Baughman, junior, lawfully begotten, or to be begotten, and their heirs, and assigns forever; and in default of such issue, then to the use of the right heirs of the said Michael Baughman, junior, and their heirs and assigns forever."

That the said Michael Baughman, junior, duly suffered a common recovery of the premises in the said deed mentioned, after the execution thereof to him, and conveyed the same to the present defendant.

The jury further find, that the lessor of the plaintiff in this cause, is heir at law of the said Michael Baughman junior; but whether by the said deed the same Michael took an estate in fee simple, fee tail, or for life only, in the premises, the jury know

not; if he took a life estate, only, then the jury find for the plaintiff; but if he took either an estate in fee simple or in fee tail, then they find for the defendant.

This special verdict was not argued by the counsel on either side, but Mr. C. Smith for the plaintiff, and Mr. Hopkins for the defendant, referred the court to some cases in the books on the subject.

Judgment was given this term for the defendant.

Shippen, J.   I have no doubt that the words in the deed on which the contest depends, are words of limitation and not of purchase.   The rule in Shelley's case fully applies hereto.   When the ancestor takes an estate of freehold, and in the same conveyance an estate is limited to his heirs, the word "heirs" is a word of limitation and not of purchase.   I am therefore satisfied, that Michael Baughman, junior, took an estate tail under the deed from his father, and he having suffered a common recovery, there should be judgment for the defendant.

Yeates, J.*   The sole question is, whether the remainder over to the use of the heirs of the body of the younger Michael, is couched in terms of purchase or limitation?   Whatever may have been the intention of his father, it cannot control the settled rules of law, even though the same estates had been created by his last will.   Cro. El. 525.

The plaintiff's counsel have endeavored to assimilate the present to Archer's case in 1 Co. 66. b.   That was a devise to "Robert Archer, the father, for his life, and afterwards to the next heir male of Robert, and to the heirs male of the body of such next heir male;" and it was adjudged, that Robert had but an estate for life, and the remainder over was held good.

Lord Hale remarks on this case, in 1 Vent. 216, that it was resolved to be an estate for life in Robert, because it was a devise to him for life, and after to his heirs, and the heir of that heir; there, because the words of limitation were put to the heir, therefore heirs was taken to be but *designatio personæ*, and he should take by purchase.

Lord Chief Justice Eyre, in Dubber *v.* Trollop, Ambl. 461, says, that the subsequent limitation "to the heirs male of such heir male," has been looked upon as the true foundation of that resolution.   Fortescue, J. in Goodright lessee of Lisle *v.* Pullen *et al.*, as reported in 2 Stra 732, observes, that in Archer's case, the particular person was pointed out by the word next; and the

*This opinion and the following one, though prepared for delivery in court, were not publicly pronounced.

same remark is made by counsel, in Style 429.   It must be remembered too, that the principal case is that of a deed, where the rules of law most strongly apply, and not of a will, where the law will frequently subserve the intention of a testator, if not directly contrary to its rules ; that no particular person was designed to take the lands at the death of the younger Baughman and his wife Magdalena ; and that it is an acknowledged rule, that a man cannot raise a fee simple to his own right heir, as purchasers, either by legal conveyance, conveyance to uses, or by devise. Hob. 32. Co. Lit. 22; *b.* 1 Bro. Cha. Rep. 220.

The defendant relies on the rule in Shelly's case, that when the ancestor by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance, an estate is limited either mediately or immediately to his heirs in fee or in tail, always in such cases, heirs are words of limitation of the estate, and not words of purchase." 1 Co. 104. *a.*  But the plaintiff denies the application of this rule in the present instance.

Mr. Hargrave in his accruate observations on this rule, remarks as follows ; "At law, the rule is of that inflexible nature, that nothing less than evidence of intending by a remainder to heirs general or special of a preceding tenant for life, not to include a succession of heirs, but merely to design a certain person or persons answering to that description at one particular instant of time namely, the death of the tenant for life, can suffice to exempt such a remainder from the operation of the rule." 4to edit. 563.

" Purchase and descent are conclusions of law upon certain premises, which are the essence of each ; in the case of descent, the premises are an estate of freehold in the ancestor, with a succession to his heirs either general or special.   There is a principal inherent in our law, which in such a case ever renders impossible the heirs taking otherwise than by descent, however strongly and positively the author of the gift may express an intention to have the heir accepted as a purchaser ; and that intention will no more avail to give to the reality of a title by descent the effect of a purchase, than it will be to convert the reality of a title by purchase into the legal effect of a descent. *Ib.* 571.

" The rule in Shelley's case is nothing more than a negative upon an indirect mode of introducing a real heir in the assumed form of a purchaser." *Ib.* 572.

And again ; " it should not be mistaken as a rule for spelling out and executing private intention, but be recognized as a check to restrain private intention from levelling the distinctions of inheritance. *Ib.* 573."

These remarks go a considerable length to show, that under the deed in question, the heirs of the body of Christian Baughman, jun., could of necessity, only take the lands by descent and not by purchase. But there are not wanting a great variety of authorities to show, as well under wills as deeds, that such have been the uniform resolutions of the courts in England; and that therefore as well on precedent as principle, the defendant is entitled to retain the possession of these lands. Many of the following cases, among others, will be found very similar to the present. Ambl. 456, 462. Trollope v. Trollope. Goodright lessee of Lisle v. Pullen, et al. 2 Stra. 729. 2 Ld. Raym. 1437. 2 Equ. Ab. 315. 1 Barnard. B. R. 6. Morris v. Le Gay, cited 2 Burr. 1102. Wright v. Pearson, et al. Ambl. 358. King v. Burchall, cited 4 Term Rep. 296, (in note a,) 298. S. C. Ambl. 379. Denn v. Fenton. Cowp. 410. Denn ex. Dem. Webb v. Puckey, et al. 5 Term Rep. 299. Papillon v. Voice. 2 Wms. 478. Cox's note.—Jones v. Morgan. 1 Bro. Cha. Rep. 220. 2 Bla. Com. 298. 1 Fearne, 30, 31, 41, (4th edit.)Co. Lit. 182. a. b. 2 Co. 61. a. Bro. Estate, pl. 6, 75. Little-ton, § 26.

On a full examination of these authorities, and a fair comparison of them with the case before the court, I have no difficulty in pronouncing, that Michael Baughman, jun., became seized of an estate in fee tail by the deed, and that judgment be entered for the defendant.

Smith J. The rule in Shelley's case is well known. It is mentioned in 1 Co. 104. a. and has been illustrated in Hargrave's Law Tracts, from 551 to 578.

If tenements be given to a man and his wife, and to the heirs of the body of the man, the husband hath an estate in tail general, and the wife but a life estate, Lit. § 26. Where husband and wife are jointly seized to them and their heirs, of an estate made during coverture, and the husband makes a feoffment in fee and dies, the wife may enter by the statute of 32 Hen. 8, c. 28. Co. Lit. 326. d. But if the baron suffers a common recovery, and dies without issue, the feme is barred, and cannot enter by force of this statute. 8 Co. 72. b. 4 Vin. Abr. 136, pl. 9.—Lands given to the husband and wife, and the heirs of the body of the husband, and if the husband and wife die without heirs between them lawfully begotten, remainder over; it is only a tail general in the husband. Hargr. Co. Lit. 21. a. (note 4,) 26. a. (note 3.) Hob. 84, case 113. And see 2 Burr. 972. 2 Bla. 186.

These resolutions extend also to wills, in many cases. Devise to A for life, and after to his heirs male of his body, and his heirs

forever, and for want of such heir male, remainder over, is an estate tail in A. 2 Ld. Ray. 1487. 2 Stra. 729. 2 Burr. 1102. 5 Term Rep. 304. S. C. cited by Ld. Kenyon. Morris *v.* Le Gay.

Devise to T. R. for life, remainder to trustees to preserve &c. remainder to the heirs male of T. R. and their heirs, provided if T. R. should die withiut issue, made living at his death, then over. Held that T. R. took an estate tail. Ambl. 358. Wright *v.* Pearson. S. C. 1 Fearne. 187, where the Lord Keeper's argument is more fully stated.

Devise of land to J. H. for life, remainder to his issue male, and to his and their heirs, share and share alike ; and for want of such issue, to his issue female, and to her and their heirs ; remainder to J. K. his heirs and assigus. J. H. takes an estate tail. Ambl. 379. King *v.* Burchell, but more correctly reported in 4 Term Rep. 296. (note.) 1 Fearne. 252.

Devise to G. G. a nephew, for life, and after his decease, to the issue male of his body, and the heirs male of the body of such issue male, and for want of such issue, to G. D. another nephew ; it is an estate tail in G. G. 2 Wils. 322. Dodson *v.* Grew. S. C. 1 Fearne. 285.

Devise to A for life, without impeachment of waste, and after his decease to the issue male of his body, and to the heirs and assigns of such issue male forever, and for want of such issue male, to B. A takes an estate tail. 5 Term Rep. 299 Denn *v.* Pucky.

From the words of the deed, and the cases I have cited, I am clearly of opinion, that Michael Baughman, jun., took an estate tail, which is barred by the recovery ; and consequently

Judgment for the defendant.

